IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| John L. Mills, #198973, ) | |
| a/k/a John Lewis Mills, ) | |
| ) | C/A No. 9:14-1675-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden, Lieber Corr. Inst., ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Petitioner John L. Mills' ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] Magistrate Judge Bristow Marchant filed a Report and Recommendation ("Report") recommending Respondent's Motion for Summary Judgment (ECF No. 29) be granted and the petition be dismissed with prejudice. (ECF No. 45). Petitioner was advised of his right to file objections to the Report. (ECF No. 45 at 25). Petitioner has filed objections to the Report. (ECF No. 52).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

---

[1] The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon review, the court finds that many of Mills' objections are unrelated to the dispositive portions of the Report, merely restate his claims, or are repetitive.[2] The court, however, was able to glean two specific objections: 1) Mills contends that documents not presented to the state courts should be considered in this habeas action; and 2) Mills asserts there have been several *Brady* violations.[3]

As to the first objection, as the magistrate judge correctly determined (Report at 5), the new documents Mills has presented should not be considered. This court may not consider any new evidence presented in support of Petitioner's current claims that was not presented to the state courts. *See Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1389-99 (2011) (holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

As to Mills' objection regarding the *Brady* violations, the magistrate judge found that Mills' due process and prosecutorial misconduct claims were procedurally barred. (Report at 6 n.4, 10). Further, the magistrate judge noted that Mills had not shown any cause for his procedural default nor shown his actual innocence. Mills does not address this part of the Report. Accordingly, the court finds Mills' objections to be without merit.

---

[2]The court also notes that there appears to be a page missing from the objections. Although the pages are properly numbered in sequence, it appears as though a page is missing between the twelfth and thirteen pages. On page twelve, Mills ends in the middle of a word and on page thirteen, a new sentence begins. Mills was given time to correct this error, (ECF No. 54), and Mills sent in what appears to be the missing page (ECF No. 59).

[3]The court notes that many of Mills' objections are to the magistrate judge's recitation of the findings of the PCR Court's in its dismissal Order, and are not to the magistrate judge's recommendations. *See e.g.* Objections at 11 (Petitioner objects to page 10 of the Report, Numbers 60 through 70); and 37 (Petitioner objects to page 9 of the Report, Number 51).

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Respondent's Motion for Summary Judgment (ECF No. 29) is **GRANTED** and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that its ruling on the claim regarding the solicitor's comments on Brown's right to remain silent is debatable. Accordingly, the court issues a certificate of appealability only as to the claim that appellate counsel was ineffective for failing to raise the issue of the whether Solicitor's closing argument was improper.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 17, 2015